FILED

MAR 23 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN WALD, | § |
| Plaintiff | § § |
| V. | § Case No. SA09CA0219 XR § |
| MICROSOFT, INC. and TOM CHAVEZ, | § § § |
| Defendants. | § § |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Microsoft Corporation ("Microsoft"), erroneously sued as Microsoft, Inc.,[1] and Tom Chavez ("Chavez") (collectively, "Defendants") hereby remove this action from the 224th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of such removal, Defendants state as follows:

### I. THE STATE COURT ACTION

1. On or about February 25, 2009, Plaintiff John Wald filed his Complaint for Damages and Demand for Jury Trial ("the Complaint"), in the 224th Judicial District Court of Bexar County, Texas, styled *"John Wald v. Microsoft, Inc. and Tom Chavez,"* Cause No. 2009CI03174 (the "State Court Action").

2. The State Court Action involves claims relating to the alleged "smash down" financing that Rapt, Inc. ("Rapt") received in 2005, which, according to Plaintiff, greatly reduced

---

[1] Plaintiff does acknowledge in the body of the Complaint at page 3 that Microsoft's correct name is Microsoft Corporation.

the value of his shares in Rapt, a company that Microsoft subsequently acquired. *See generally* Complaint. In connection therewith, Plaintiff asserts claims for fraud, unjust enrichment, and breach of fiduciary duty. *See id.* Plaintiff seeks the recovery of "compensatory, punitive, and exemplary damages," along with attorney's fees, court costs, and interest. *See id.* at 7-8. Plaintiff has made a jury demand in the State Court Action. *See* Complaint at 8.

3. Defendants are properly removing the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. **PROCEDURAL REQUIREMENTS**

4. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

5. Plaintiff filed the Complaint on or about February 25, 2009. Defendants have filed this Notice of Removal within thirty (30) days of filing of the lawsuit. Accordingly, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b).

6. Defendants attach all of the materials required by 28 U.S.C. § 1446(a). *See* Exhibit A.

7. Simultaneously with the filing of this Notice of Removal, Defendants are filing copies of the Notice in the 224th Judicial District Court of Bexar County, Texas, and providing Plaintiff with copies pursuant to 28 U.S.C. § 1446(d).

8. Also simultaneously with the filing of this Notice of Removal, Defendant Microsoft is filing its Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as Exhibit B.

## III. THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

9. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441. Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000.00 may be brought in federal court. 28 U.S.C. § 1332.

10. Plaintiff is a citizen of Bexar County, Texas. *See* Complaint at 3.

11. Defendant Chavez is a citizen of California. *See id.*

12. Defendant Microsoft is a foreign corporation incorporated under the laws of the State of Washington and has its principal place of business in the State of Washington. Therefore, Microsoft is a citizen of Washington for diversity purposes. *See id.*; 28 U.S.C. § 1332(c).

13. Because Plaintiff is a citizen of Texas, Defendant Chavez is a citizen of California, and Defendant Microsoft is a citizen of Washington, there is complete diversity among the parties.

14. While the Complaint does not allege a specific dollar amount of total damages, Plaintiff does allege that the "fair, undiluted" value of his stock shares is "roughly $61,101." *See* Complaint at 3, 8. In addition to this amount, Plaintiff also requests punitive damages, attorney fees, court costs, and interest. *See id.* at 8.[2] Where the total amount in controversy is not precisely described in the complaint, the test for determining if diversity jurisdiction exists is "whether it is more likely than not that the amount of the claim will exceed [$75,000]." *St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998). To determine the amount in controversy, the court may consider actual damages, exemplary damages, and

---

[2] Plaintiff does assert elsewhere in the Complaint that diversity of jurisdiction is lacking based on the $61,101 amount that he is seeking in economic damages. Complaint at 3. However, Plaintiff overlooks that he is also seeking "reasonable attorney fees, court costs, interest on the judgment, and any exemplary damages . . . ." *Id.* at 8. In any event, a case may be removable despite a Plaintiff's allegations that the amount in controversy is less than the minimum amount needed for federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("the inquiry. . .does not end merely because the plaintiff alleges damages below the threshold").

attorney's fees. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

15. Here, it is more probable than not that the total amount in controversy exceeds $75,000. In addition to the "roughly $61,101" that Plaintiff seeks as economic damages in connection with the alleged dilution of his shares in Rapt, Plaintiff also seeks punitive or exemplary damages. *See* Complaint at 7, 8. Among other things, Plaintiff alleges that a "personal vendetta against the former founders" of Rapt motivated the "smash down," and that Defendants' actions were done maliciously. *See id.* at 7. While Defendants deny that Plaintiff is entitled to any recovery, the nature of such allegations, combined with the fact that Microsoft is a large corporation, render it more likely than not that the punitive damages at issue, and if proven, could exceed $14,000 in this matter. *See Campbell*, 538 U.S. at 417 (observing that "[j]ury instructions typically leave the jury with wide discretion in choosing [the] amounts [of punitive damages], and [that] the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences"). Additionally, this Court should consider Plaintiff's request for attorney fees, court costs, and interest when determining the amount in controversy. *See* Complaint at 8; *White*, 319 F.3d at 675. In particular, Plaintiff seeks interest on his claims apparently going back to the alleged "smash down" financing in 2005. Taken together, the requested economic damages, punitive damages, attorney fees, costs, and interest more likely than not exceed the $75,000 amount in controversy threshold. *See, e.g., White*, 319 F.3d at 675 (upholding district court's conclusion that compensatory damages, punitive damages, and

attorney's fees would "more probably than not" exceed $75,000); *Greenburg*, 134 F.3d at 1253 n.13; *DeAguilar*, 47 F.3d at 1411-12.

16.     Because there is complete diversity and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper. 28 U.S.C. § 1441.

## IV.     CONCLUSION

WHEREFORE, Defendants Microsoft Corporation and Tom Chavez remove this action from the 224th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*C. Don Clayton*
C. Don Clayton
State Bar No. 24027932
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue
Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**COUNSEL FOR DEFENDANTS MICROSOFT CORPORATION AND TOM CHAVEZ**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on this the 20th day of March, 2009 on the following, via certified mail, return receipt requested:

John Wald, *pro se Plaintiff*
118 West Mossy Cup Lane
Shavano Park, TX 78231

                                                        *C. Dan Clayton*